UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-07815-MWF (JCx) | **Date:** November 30, 2021 |
| **Title** Mahesh Bhuta v. Toyota Motor Sales, U.S.A., Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is Plaintiff Mahesh Bhuta's Motion to Remand (the "Motion"), filed on October 29, 2021. (Docket No. 13). Defendant Toyota Motor Sales filed an Opposition on November 8, 2021. (Docket No. 15). Plaintiff did not file a Reply.

The Court has read and considered the papers on this Motion and deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing is therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 21-08, arising from the COVID-19 pandemic.

For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**. Plaintiff argues that Defendant failed to establish the amount in controversy under 28 U.S.C. § 1332(a)(1) for diversity jurisdiction. Defendant, however, properly removed this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## I.   BACKGROUND

On August 26, 2021, Plaintiff filed a Complaint in California Superior Court, asserting that Defendant violated the Song-Beverly Consumer Warranty Act and the Federal Magnuson-Moss Warranty Act ("MMWA"). (Notice of Removal ¶¶ 1–2 (Docket No. 1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-07815-MWF (JCx)          **Date:**  November 30, 2021
**Title:**      Mahesh Bhuta v. Toyota Motor Sales, U.S.A., Inc., et al.

Plaintiff's claims arise from the lease of a new 2018 Lexus LS 500 and Defendant's alleged failure to conform the vehicle to the applicable warranties after a reasonable number of repair attempts.  (*Id*. ¶ 3).

Defendant removed the action under federal question jurisdiction because the MMWA states that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000.  *See* 15 U.S.C. § 2310(d)(3)(B).

## II.     LEGAL STANDARD

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Services*, No. CV 18-330-LJO-JLT, 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86–87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party."  *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566).  Removability is determined based on the removal notice and the complaint as it existed at the time of removal.  *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

## III.    DISCUSSION

Plaintiff asks the Court to remand this case because Defendant failed to establish an amount in controversy that exceeds $75,000, which is required to establish federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  But Plaintiff's argument is flawed because Defendant removed this case under federal question jurisdiction – not diversity jurisdiction.  (Notice of Removal ¶¶ 4–12); *See* 28 U.S.C. § 1331.

The MMWA allows a plaintiff to bring a claim in federal court where the amount in controversy exceeds $50,000, computed on the basis of all claims to be determined in the suit.  *See* 15 U.S.C. § 2310(d)(3)(B).  Defendant computes Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-07815-MWF (JCx)                **Date:**  November 30, 2021
**Title:**     Mahesh Bhuta v. Toyota Motor Sales, U.S.A., Inc., et al.

demand for actual damages and a civil penalty to equal $211,684.05, which demonstrably exceeds the $50,000 threshold.  (Notice of Removal ¶ 10).  Indeed, in Plaintiff's own Motion he asserts that "Plaintiff's only finite, tangible claim for damages at present is $70,561.35."  (Motion at 2).  Even if the Court were to only consider this claim, the amount in controversy would still exceed the $50,000 threshold as required under the MMWA.

    Accordingly, Defendant has sufficiently established federal question jurisdiction under 28 U.S.C. § 1331.  And the Motion is **DENIED**.

    IT IS SO ORDERED.